IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mahdi Al Mosawi, | : | |
| Plaintiff | : | Case No. 2:11-cv01155 |
| v. | : | Judge Marbley |
| Director Gary Mohr, *et al.*, | : | Magistrate Judge Abel |
| Defendants | | |
| | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Mahdi Al Mosawi, a State prisoner, brings this action under 28 U.S.C. §1983 alleging that his treating physician committed medical malpractice when he misdiagnosed plaintiff and that the medical staff at the prison were deliberately indifferent to his serious medical needs.  This matter is before the Magistrate Judge in accordance the provisions of 28 U.S.C. §636(b)(1)(B) for a report and recommendation on defendants Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr and Chillicothee Correctional Institution ("CCI") Warden Norm Robinson's September 21, 2012 motion for summary judgment (doc. 29).

Defendants argue that plaintiff has failed to exhaust his administrative remedies within the prison grievance system established by Ohio Administrative Code § 5120-9-31. Exhaustion is mandatory under the Prison Litigation Reform Act, and unexhausted claims cannot be brought in court. 42 U.S.C. § 1997(e)(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007). In his response to defendants' motion for summary judgment, plaintiff concedes

that he did not exhaust his administrative remedies and that defendants' motion for summary judgment should be granted on that basis.

For the reasons set out above, the Magistrate Judge **RECOMMENDS** defendants Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr and Chillicothe Correctional Institution ("CCI") Warden Norm Robinson's September 21, 2012 motion for summary judgment (doc. 29) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge